IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SAMUEL EARL PLEASANT, JR.,     *
    Petitioner,     *
                    *     CIVIL ACTION NO.12-00209-KD-B
vs.     *     CRIMINAL NO. 10-00263-KD-B
                    *
UNITED STATES OF AMERICA,     *
    Respondent.     *

## ORDER

This case is before the Court on Petitioner Samuel Earl Pleasant, Jr.'s Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 38) and the Government's response thereto (Doc. 41). The undersigned finds that there is no need for an evidentiary hearing.

Pleasant was charged in a one-count indictment for failure to register as a sex offender, in violation of the *Sex Offender Registration and Notification Act* ("SORNA"), 18 U.S.C. § 2250(a). (Doc. 1). Trial was held on February 14, 2011; Pleasant was found guilty as to Count One. (Doc. 22). On May 20, 2011, the undersigned sentenced Pleasant to 18 months as to Count One with special conditions that he be allowed to participate in drug and alcohol treatment and a sex offender treatment program; imposed a fine of $100 and required him to continue his sex offender registration requirements; and imposed Judgment on May 23, 2011. (Doc. 34). On May 23, 2011, Pleasant and his attorney filed a Notice of Non-Appeal. (Doc. 36).

In February of 2012[1], Pleasant filed the instant Section 2255 habeas petition, claiming that he was wrongfully convicted under the precedent of <u>Reynolds v. United States</u>, 132 S. Ct. 975 (2012), which he argues holds that SORNA was "not applicable to persons such as the defendant." (Doc. 38 at 2). The Government responded, arguing that Pleasant's motion lacks

---

[1] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. <u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001). While Pleasant signed the petition he did not list a specific date, only "February 2012."

merit because he misunderstands the Reynolds opinion and SORNA. (Doc. 63).[2] While given the opportunity to do so (Doc. 39), Pleasant did not file a reply. After review the Court has determined as a matter of law that Reynolds has no effect on the Petitioner's conviction. Moreover, the Court adopts and incorporates the Government's Response (Doc. 41) as the reason that the petition lacks merit. Accordingly, the Court finds that Pleasant's petition is due to be **DENIED**.[3]

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Federal Rules Governing § 2255 Proceedings, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from ... the final order in a proceeding under section 2255." 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2). "[A] COA does not require a showing that the appeal will succeed." Miller-El v. Cockrell, 537

---

[2] The Government contends that while Reynolds did hold that that SORNA's registration requirements did not apply to individuals who convictions predate SORNA's enactment until the Attorney General specifies that it does (or, at the earliest February 28, 2007), Pleasant's claim is without merit because on February 28, 2007, the Attorney General issued an interim rule specifying that "[t]he requirements of {SORNA} apply to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act." (Doc. 41 at 4 (citing 28 C.F.R. § 72.3)). The Government further contends that while Reynolds changed the law of several circuits it did not alter the Eleventh Circuit's precedent and is thus, not applicable to Pleasant's conviction. (Doc. 41 at 8 (citing United States v. Madera, 528 F.3d 852, 856-859 (11th Cir. 2008) (per curiam) and United States v. Ambert, 561 F.3d 1202, 1207 (11th Cir. 2009)).

[3] A district court may incorporate a party's arguments to serve as its explanation for its ruling, so long as those arguments, in conjunction with the record, provide the Court of Appeals an opportunity to engage in meaningful review. See United States v. Valencia-Trujillo, 462 F. App'x 894, 897 (11th Cir. 2012) ("District court orders 'should contain sufficient explanations of their rulings so as to provide this Court with an opportunity to engage in meaningful appellate review.' Danley v. Allen, 480 F.3d 1090, 1090, 1091 (11th Cir. 2007). That principle, however, does not prohibit a district court from incorporating a party's arguments as the basis and explanation for its ruling. Valencia–Trujillo's motion and the government's response, as well as the exhibits and attachments submitted to the district court, provide a sufficient basis for our review of the merits in this case."); 11th Cir. R. 36-2 (effective Dec. 1, 2013) ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). The Court finds that the Government's Response (Doc. 41) is quite sufficient in this regard.

U.S. 322, 337 (2003). Rather, "[a] prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part. [The Court] do[es] not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 338 (internal citation and quotations omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Upon consideration, the Court finds that no reasonable jurist would find its assessment of the constitutional claims presented debatable or wrong. Accordingly, Pleasant is not entitled to a Certificate of Appealability in this action.

## IN FORMA PAUPERIS

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C.A. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued ... is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding ... [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." Walker v. O'Brien, 216 F.3d 626, 631-632 (7th Cir. 2000). See also Weaver v. Patterson, 2012 WL 2568218, *7 (S.D. Ala. Jun. 19, 2012), *report and*

*recommendation adopted*, 2012 WL 2568093 (S.D. Ala. July 3, 2012) ("An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). See Fed. R. App. P. 24(a)(3)(A); Lee v. Clinton, 209 F.3d 1025, 1026 (7th Cir. 2000) (concluding that 'good faith' is 'an objective concept' and that 'not taken in good faith' is 'a synonym for frivolous'); DeSantis v. United Techs, Corp., 15 F. Supp. 2d 1285, 1288-1289 (M.D. Fla. 1998) (stating that good faith "must be judged by an objective, not a subjective, standard' and that an appellant 'demonstrates good faith when he seeks appellate review of any issue that is not frivolous"). An appeal filed *in forma pauperis* is frivolous if 'it appears that the Plaintiff has little to no chance of success,' meaning that the 'factual allegations are clearly baseless or that the legal theories are indisputably meritless." Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). But see, e.g., United States v. McCray, No. 4:07CR20-RH, 2012 WL 1155471, *2 (N.D. Fla. Apr. 5, 2012) ("Because the defendant has not obtained -- and is not entitled to—a certificate of appealability, any appeal by the defendant will not be taken in good faith. I certify under Federal Rule of Appellate Procedure 24(a) that any appeal will not be taken in good faith and that the defendant is not otherwise entitled to proceed *in forma pauperis* on appeal.").

Upon consideration, the Court finds and certifies that any appeal by Pleasant in this action would be without merit and therefore not taken in good faith. Accordingly, Pleasant is not entitled to appeal *in forma pauperis*.

## CONCLUSION

Accordingly, it is **ORDERED** that Pleasant's Motion to Vacate pursuant to 28 U.S.C. § 2255 (Doc. 38) is **DENIED** and this habeas action is **DISMISSED with prejudice;** judgment will be entered against Petitioner Samuel Earl Pleasant, Jr. and in favor of Respondent the United

States of America.  The undersigned further finds that Pleasant is not entitled to the issuance of a certificate of appealability, and therefore, is not entitled to proceed *in forma pauperis*.

**DONE** and **ORDERED** this the **14th** day of **February 2014.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**